**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BRIAN WRIGHTSON, ET AL.,

    Plaintiffs,

        v.

LACKAWANNA COUNTY, ET AL.,

    Defendants.

CIVIL ACTION NO. 3:04-CV-0038

(JUDGE CAPUTO)

## MEMORANDUM

Before me is Plaintiffs' Partially Unopposed Motion to File a Second Amended Complaint. (Doc. 42.)    Plaintiffs seek to amend for a second time.  This motion seeks to withdraw claims against Defendant, Paul Taramelli[1], and to add a claim against a new party, James Finan.

## DISCUSSION

Plaintiff Sharon Wrightson's claim is that her First Amendment rights were violated in that her employment with Lackawanna County was terminated for political reasons.  In particular, she claims her termination was motivated by her political "activities, associations and beliefs and Defendants' desire to fill vacancies with individuals who were politically associated with Defendants, Defendants' political supporters, and the Cordaro-Munchak campaign." (Doc. 19 at ¶ 27.)

While testimony before me at a hearing on a motion for a preliminary injunction

---

[1] An amendment is not necessary to withdraw the claims against Defendant Taramelli. Plaintiff can dismiss him in accordance with Rule 41 of the Federal Rules of Civil Procedure.  In any event, Defendants do not oppose the withdrawal of claims against Defendant Taramelli.

indicated Plaintiff, Sharon Wrightson, was terminated on the recommendation of James Finan, who was then a member of the Transition Team of the newly elected County Commissioners, Defendants Cordaro and Munchak, Plaintiff learned on June 23, 2005 that James Finan actually made the decision to terminate Ms. Wrightson. (Finan Dep., Ex. A to Doc. 50 at 97.) Plaintiff also learned at the same deposition that there was evidence that Mr. Finan's decision or recommendation to terminate Ms. Wrightson was motivated by his desire to hire Aaron Sepkowski, a political supporter of Defendants, to a position in the department where Ms. Wrightson worked.  Plaintiff also points out that interviews with transportation office employees and the Transportation Preliminary Report (authored by Mr. Finan's committee) did not mention the need to eliminate or consolidate Ms. Wrightson's position within the department.  Plaintiff points out that she was terminated on January 5, 2004, at which time her salary was $31,897, and Aaron Sepkowski was hired January 12, 2004 at the same salary Ms. Wrightson had been receiving.

Defendants argue that Plaintiff essentially knew all of the foregoing at the time of the preliminary injunction hearing.  Mr. Finan testified at his deposition in June, 2005 that he made the decision to eliminate Ms. Wrightson's position.  (See Doc. 52, Ex. A at 97.)

Defendants also argue that Mr. Finan was not a state actor when Ms. Wrightson was terminated, and therefore, amendment would be futile.  They also argue that they will suffer prejudice if the amendment is granted.  Defendants present additional arguments, viz (1) the failure to allege that Mr. Finan was aware of Ms. Wrightson's political activities; and (2) Mr. Finan had no power to make the decision to terminate Ms. Wrightson.  I will address these arguments in my discussion of the applicable law.

2

### A.      Rule 15 of the Federal Rules of Civil Procedure

While leave to amend "shall be freely given when justice so requires", it is also true that amendments should not be permitted when there is "undue delay", bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This would be Plaintiffs' third complaint, so this motion demands close scrutiny.  I do not perceive undue delay, bad faith or dilatory motive on the part of the Plaintiffs.  There were developments in the June, 2005 deposition which were unknown to the Plaintiffs before and after the preliminary injunction hearing.  Likewise, the Plaintiffs did not have the opportunity to cure deficiencies by previously permitted amendments.  The information discovered in June, 2005 was not known in the preceding 18 months.  Defendants argue they are prejudiced by the proposed amendment by the passage of time, the delay in the process, viz summary judgment motions and trial, and the need for additional discovery.  Again, the time that has passed and which is the essential component which would give rise to prejudice occurred, in large measure, because of scheduling discovery and the change of counsel for Defendants.  Additionally, this amendment, if granted, would require only additional discovery as it pertains to Mr. Finan's involvement in the case.  While this, of necessity, would cause delay, it is not prejudicial.  "Prejudice, in the context of Rule 15, means undue difficulty in prosecuting or defending a lawsuit as a result of a change in tactics or theories on the part of the other party." *United States Fidelity & Guaranty Co. v. Feibus*, 1998 U.S. Dist. LEXIS 20837, *6 (M.D. Pa. April 2, 1998).  The circumstances here do not amount to prejudice.

Lastly, Defendants argue that the amendment would be futile.  They argue that Mr. Finan does not have the authority to terminate Ms. Wrightson under the Lackawanna County Home Rule Charter, since only the County Commissioners or the Salary Board have that authority.  Lackawanna County Home Rule Charter, Pa. Code, Title 335, Art. 111, §1.3-302(j)(k)(l)(p) and Art. XV §1.15-1502(4).  This is tantamount to saying something that occurred did not occur because the actor was not permitted to do it.  Here the allegation is that Mr. Finan made the decision to terminate Ms. Wrightson and she was terminated.  I do not find futility for this reason.

Defendants also argue the amendment would be futile because Mr. Finan is not a state actor.  42 U.S.C. §1983.  They argue that a private actor who recommends termination of a state or municipal employee does not act under color of state law.  First, Mr. Finan testified he made the decision to terminate Ms. Wrightson.  There are three ways a private actor or entity will be treated as a state actor, viz (1) the public function test where the entity has exercised powers traditionally considered to be governmental powers; (2) where the private entity acted with the help of or in concert with state officials; and, (3) where the private actor or entity and the state officials are so interdependent with each other as to be participants in the deprivation.  *Killian at Poconos, LLC  v. Saw Creek Estates Comm. Assoc., Inc.*, 275 F.Supp.2d 578, 589 (M.D. Pa. 2003).  Given these three theories, and given whether state action exists is a "fact bound inquiry", *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982), the pleading stage does not permit resolution of the substantive issue. It may turn out that Plaintiffs cannot establish that Mr. Finan is a state actor under any of the foregoing theories, but the allegations would permit Plaintiffs the opportunity to establish it.

Finally, Defendants argue that Plaintiffs cannot meet the requirement that Ms.

4

Wrightson's political affiliation was a substantial or motivating factor in the adverse tangible employment action, viz her termination. *See Stephens v. Kerrigan*, 122 F.3d 171, 177-80 (3d Cir. 1997). Defendants argue that there is no allegation that Mr. Finan knew of Ms. Wrightson's political activities and that he was motivated by them. Plaintiffs counter by revising their theory of liability to include, in addition to retaliation as to other Defendants, the theory that Mr. Finan sought Ms. Wrightson's termination in order to create or retain vacancies for his and Defendants' political associates. *See Bennis v. Gable*, 823 F.2d 723 (3d Cir. 1987). Again, at the pleading stage, this is a viable theory and denial of the amendment based on futility for these reasons is inappropriate.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Partially Unopposed Motion to File a Second Amended Complaint (Doc. 42) will be granted.

An appropriate Order follows.

November 17, 2005                    /s/ A. Richard Caputo
Date                                 A. Richard Caputo
                                     United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BRIAN WRIGHTSON, ET AL.,

     Plaintiffs

         v.

LACKAWANNA COUNTY, ET AL.,

     Defendants.

CIVIL ACTION NO. 3:04-CV-0038

(JUDGE CAPUTO)

## ORDER

**NOW**, this 17th day of November, 2005, **IT IS HEREBY ORDERED**:

1.    Plaintiffs' Partially Unopposed Motion to file a Second Amended Complaint (Doc. 42) is **granted** as follows:

    A.    Plaintiffs shall file and effect service of the Second Amended Complaint within thirty (30) days of the date of this Order in accordance with L.R. 15.1 (a).

    B.    Defendant Paul Taramelli is dismissed from this case.

                    /s/ A. Richard Caputo
                    A. Richard Caputo
                    United States District Judge